UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA , <br><br> Plaintiff, <br><br> v. <br><br> JOSE LUIS CHAVEZ-RAMIREZ, <br><br> Defendant. | CASE NO. 22-CR-00140-LK <br><br> ORDER CONTINUING TRIAL |

This matter comes before the Court on Defendant Jose Chavez-Ramirez's Unopposed Motion to Continue Trial Date, Dkt. No. 23, as well as his Speedy Trial Waiver, Dkt. No. 23-1. On August 20, 2022, the Government charged Defendant with one count of possession of a controlled substance with intent to distribute and three counts of distribution of a controlled substance. Dkt. No. 1 at 1–3; 21 U.S.C. § 841(a).[1] These charges stem from three "controlled purchase operations" and a search of Defendant's residence. Dkt. No. 1 at 6–11. Defendant pleaded

---

[1] On August 31, 2022, a federal grand jury indicted Defendant for these offenses. Dkt. No. 17.

not guilty to all counts and is currently scheduled to be tried before a jury on October 31, 2022. Dkt. No. 22.

Defense counsel seeks to continue trial to May 22, 2023 to allow sufficient time to prepare an adequate defense. Dkt. No. 23 at 1. According to counsel, "if the available police reports are taken at face value Mr. Chavez Ramirez is deeply involved in drug trafficking, and defending him will require time and energy to pursue all avenues to an acceptable resolution and, that failing, to develop a practical trial strategy with appropriate pretrial motions." *Id.* at 2. Moreover, the evidence in this case is at least moderately voluminous. It includes "purported statements/admissions" by Defendant to a confidential informant, firearm forensic reports, "video footage of three controlled purchases, pole camera footage, firearms, controlled substances and their respective lab reports, and various digital devices still being searched." *Id.* Counsel further notes that although he has received an initial discovery packet, the parties have not yet convened at a discovery conference or engaged in plea discussions *Id.* Defendant avers that he understands his right under the Speedy Trial Act to be tried with 70 days of arraignment, 18 U.S.C. § 3161(c)(1), and, after consulting counsel, "knowingly and voluntarily waive[s] [his] right to a speedy trial and consent[s] to a continuance of the date of [his] trial to a date no later than June 15, 2023." Dkt. No. 23-1 at 1.

Pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court finds that the ends of justice served by granting a continuance outweigh the best interest of the public and Defendant in any speedier trial. Specifically, the Court finds that failure to grant the requested continuance would likely result in a miscarriage of justice and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, due to counsel's need for more time to review the evidence, consider possible defenses, and gather evidence material to the defense. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv). The Court also finds that the additional time requested is a

ORDER CONTINUING TRIAL - 2

1  reasonable period of delay and will be necessary to provide counsel and Defendant reasonable time
2  to accomplish these tasks and prepare for trial.
3       For these reasons, the Court ORDERS that trial shall be continued from October 31, 2022
4  to May 22, 2023. It is further ORDERED that, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B), the
5  period of delay from the original October 31, 2022 trial date to the new trial date is EXCLUDED
6  when computing the time within which Defendant's trial must commence under the Speedy Trial
7  Act. Pretrial motions are due no later than April 3, 2023.

9       Dated this 22nd day of September, 2022.

*Lauren King*
Lauren King
United States District Judge

ORDER CONTINUING TRIAL - 3