UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JOSE LUIS CHAVEZ-RAMIREZ,<br>Defendant. | CASE NO. 2:22-cr-00140-LK<br><br>ORDER GRANTING IN PART MOTION TO TRAVEL |

This matter comes before the Court on Defendant Jose Luis Chavez-Ramirez's motion to terminate supervision or, alternatively, permit travel to Mexico for indefinite duration. Dkt. No. 62. For the reasons explained below, the Court grants the motion in part and denies it in part.

On September 4, 2025, Mr. Chavez-Ramirez was sentenced to time served and a three-year period of supervised release. Dkt. No. 53. On October 6, 2025, the Court granted his motion to return his passport. Dkt. No. 56. On February 4, 2026, the Court granted his motion for permission to travel to Mexico, Dkt. No. 60, in order to visit his elderly, ailing father, Dkt. No. 59 at 2.

Mr. Chavez-Ramirez now requests that "the Court terminate his remaining term of supervised release or, alternatively, authorize his travel to Mexico for an indefinite period in order

to be physically present and provide moral support to his family during and following the waning days of his dying father's life." Dkt. No. 62 at 1. He will return to the U.S. after his family's situation resolves because he is married to a local woman with whom he has a 14-year-old daughter. *Id.* at 3.

The United States Probation Office is "unable to endorse his early termination" because "he has documented noncompliance within the last 12 months"; i.e., on March 2, 2026, a "violation report was submitted to the Court after Mr. Chavez-Ramirez consumed alcohol on two occasions." Dkt. No. 64 at 1. However, Probation does not oppose Mr. Chavez-Ramirez traveling to Mexico for up to 30 consecutive days. *Id.* at 1–2. Likewise, the Government does not support early termination because it "would like to see at least a year of compliance since Defendant's last violation before agreeing to early termination," but does "not object to approval for 30 day travel where Defendant can then later seek approval for either an extension to that term and/or a second term of travel." Dkt. No. 63 at 1–2.

Early termination of supervised release is governed by 18 U.S.C. § 3583(e)(1), which "provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022) (quotation marks and citation omitted); *see also* 18 U.S.C. § 3583(e)(1). Section 5D1.4(b) of the Sentencing Guidelines states that "[a]ny time after the expiration of one year of supervised release and after an individualized assessment of the need for ongoing supervision, the court may terminate the remaining term of supervision and discharge the defendant if the court determines, following consultation with the government and the probation officer, that the termination is warranted by the conduct of the defendant and in the interest of justice." District courts maintain discretion "to consider a wide range of circumstances when

determining whether to grant early termination." *Ponce*, 22 F.4th at 1047 (quoting *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014)). Application Note 1(B) to Section 5D1.4 of the Sentencing Guidelines sets forth various factors that a court "may wish to consider" in determining whether to terminate supervised release early:

> (i) any history of court-reported violations over the term of supervision;
>
> (ii) the ability of the defendant to lawfully self-manage (e.g., the ability to problem-solve and avoid situations that may result in a violation of a condition of supervised release or new criminal charges);
>
> (iii) the defendant's substantial compliance with all conditions of supervision;
>
> (iv) the defendant's engagement in appropriate prosocial activities and the existence or lack of prosocial support to remain lawful beyond the period of supervision;
>
> (v) a demonstrated reduction in risk level or maintenance of the lowest category of risk over the period of supervision; and
>
> (vi) whether termination will jeopardize public safety, as evidenced by the nature of the defendant's offense, the defendant's criminal history, the defendant's record while incarcerated, the defendant's efforts to reintegrate into the community and avoid recidivism, any statements or information provided by the victims of the offense, and other factors the court finds relevant.

The Court agrees that early termination is unwarranted at this point based on Mr. Chavez-Rameriz's March 2026 violation, and that indefinite travel is unwarranted because it will limit Probation's ability to monitor him. Accordingly, the Court GRANTS IN PART and DENIES IN PART the motion. Chavez-Ramirez may travel to Mexico for 30 days for the purposes described in his motion, Dkt. No. 62, subject to reasonable restrictions or reporting conditions as prescribed by his Probation Officer. If needed, Mr. Chavez-Ramirez may request a further extension of his travel period. All other conditions set forth in the judgment remain in effect.

Dated this 19th day of November, 2026.

Lauren King
United States District Judge